Jan. 7,
1930.

OPINION OF THE JUSTICES.

On April 17, 1929, the House of Representatives adopted the following resolution:

*Resolved,* that the Speaker of the House be and hereby is directed to request the justices of the Supreme Court to express to the legislature at the next special or regular session their opinion upon the following questions:

1. Would any constitutional provision be violated by exempting from taxation all standing trees of less than a fixed diameter; and, if not, may different species be classified with respect to such diameter as proposed by House Bill No. 406?

2. Would any constitutional provision be violated by exempting from taxation all standing wood and timber except the annual volume increment, as proposed by House Bill No. 407?

3. Would any constitutional provision be violated by exempting from taxation all standing wood and timber except the excess above a fixed volume per acre; and, if not, may different species be classified with respect to such volume, as proposed by House Hill No. 408?

The following answer was returned:

*To the House of Representatives:*

The undersigned, the justices of the supreme court, make the following answers to the questions submitted by you.

The three bills present three distinct plans for the taxation of growing timber, which we take up in the order of the questions propounded.

1. This bill would make size the test of taxability. A provision that timber shall be taxable or non-taxable according to its size is the

application of a theory of classification that has been in use from the beginning. There are manifest reasons why small growth, like young live stock, should not be taxed. The classification being a reasonable one, the question of its adoption is purely legislative.

The further discrimination, between different species, is assumed to be based upon known facts as to rapidity of growth, marketable size, etc. If there are such distinguishing facts, the discrimination is warranted.

2. A tax upon the annual increment is proposed by this bill. This appears to be in the nature of an income tax. It is to be laid because the property has come into the possession of the owner within the year. It is laid but once. Although the property continues to be possessed in subsequent years, it is not subject to any further annual tax. Being of this nature, it must be coördinated with other income taxes. It cannot be laid at the local rate, and as of April first, when other income taxes are laid at a different rate and of another date.

3. The third bill would make volume per acre the test of taxability. If this were in fact a reasonable method of ascertaining the age or maturity of the growth, the proposed test would be unobjectionable. In some cases it would be so. But there must be many instances where scattered but mature growth would be exempt under this provision. The question, whether these would be so occasional and incidental that they might reasonably be disregarded in prescribing a general test, is one of fact. But with such knowledge as we have of the situation it is our opinion that they could not be so treated, and that the proposed test for taxability would therefore be invalid.

ROBERT J. PEASLEE.
LESLIE P. SNOW.
JOHN E. ALLEN.
THOMAS L. MARBLE.
OLIVER W. BRANCH.

January 7, 1930.

Robert W. Upton, for the New Hampshire Division of the New England Council, and

Elwin L. Page, for certain members of the interim tax commission, both by brief and orally, and

*John R. McLane* and *John P. Carleton* (*Mr. Carleton* orally), for the Society for the Protection of New Hampshire Forests, in favor of the bills.

*Foster & Lake,* for the New Hampshire State Grange, in favor of House Bill No. 406.